ROSIN *v.* KOUZIAN.

1. Landlord and Tenant—Notice to Quit—Sufficiency of Description of Premises.

Description in landlord's notice to quit and in the subsequent complaint for repossession as "one-story building on the southeast corner of the east" half of a numbered lot in a named subdivision in the city described the premises with sufficient accuracy so as to warrant judgment for repossession without prejudice to tenant's ownership of one-story brick building on premises.

2. Appeal and Error—Questions Reviewable—Repossession of Land—Ownership of Building.

Upon affirmance of judgment for repossession of land without prejudice to tenant's ownership of one-story, 14′ x 16′ brick building, questions as to whether the building was personal property or so attached to the realty as to become part of it, or effect of sale of the property to the State for taxes and subsequently at so-called scavenger sale, are not decided.

Appeal from Wayne; Webster (Clyde I.), J. Submitted October 10, 1945. (Docket No. 45, Calendar No. 43,114.) Decided December 3, 1945.

Summary proceedings by Meyer W. Rosin and others, doing business as Hotel Tuller, against Harry Kouzian for possession of land. Judgment for plaintiffs. Defendant appealed to circuit court. Judgment for plaintiffs. Defendant appeals. Affirmed.

*Shapero & Shapero,* for plaintiffs.

*Asher L. Cornelius,* for defendant.

BUTZEL, J. Appellees, doing business as the Hotel Tuller, gave notice to quit and demand for possession of property in Detroit described in the notice and also in the subsequent complaint for repossession as

"The one-story building on the southeast corner of the east ½ of Lot 24, Block No. 12, of Governor and Judges Plan, located in the City of Detroit, State of Michigan."

Defendant leased the premises on a month-to-month basis. Plaintiffs prevailed in a suit to recover possession before a circuit court commissioner. On appeal to the circuit court, the judgment for restitution was affirmed. Defendant appeals to this court. Defendant contends on appeal that the description in the notice to quit as well as the complaint for possession was insufficient; that it only sought possession of the building and not of the land on which it stood. He further claims that he owned the building and that the court improperly excluded an answer to a question as to whether he had been paying rent for the building and the ground occupied by it. The case was tried without a jury.

The trial judge in rendering a judgment stated that it would be without prejudice to the ownership of the building on the premises described in the complaint. Defendant became tenant of the premises in 1937 and at the time obtained a bill of sale from Vivian McBride, a former tenant. The bill of sale covered "a movable brick building 14x16 and height about 9 ft. with a tar paper roof known as 128 Bagley Avenue, Detroit, Michigan," together with stock in trade, various equipment and trade fixtures, the stock in trade being valued at $144.41. The total purchase price of the property described was $850. There was no showing whatsoever as to

who erected the brick building or that Vivian McBride had owned it, whether the brick building had been erected by the former lessor or by a tenant, and whether there was any agreement that the tenant could remove it. During the eight years the premises were occupied by defendant, he received each month from the Tuller Hotel a bill addressed to defendant, billing him for rent for the "refreshment stand." The building itself consisted of a one-story brick building built on a concrete slab to which the building was cemented, the concrete slab being a foot or fifteen inches below the surface of the ground. The brick started from the top of the slab.

We believe that the notice to quit was sufficient and that defendant was not deceived thereby. It described the premises with sufficient accuracy so that there could not possibly be any mistake. While from a strictly technical point of view, there might be some criticism as to the notice, it distinctly described the property. If plaintiffs claimed ownership of the building, they might have been precluded from asserting such ownership had they worded their notice differently. Unquestionably the notice showed that plaintiffs wanted repossession of the premises. The judge correctly decided that they were entitled to it under the notice given. He fully protected defendant in not making any determination of the ownership of the building. In view of our decision, we need not enter into the other questions as to whether the building was personal property or so attached to the realty as to become part of it, or the effect of the sale of the property to the State for taxes and subsequently at "scavenger sale," or the many other questions raised.

The judgment is affirmed, with costs to plaintiffs.

STARR, C. J., and NORTH, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.